UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case Number: 15-13316-13 |
| PAULA LADDUSIRE, | |
| Debtor. | |
| PAULA LADDUSIRE, | |
| Plaintiff, | |
| v. | Adversary Number: 15-145 |
| AUTO-OWNERS INSURANCE COMPANY, NORTHSTAR CLEANING & RESTORATION, INC., CANNON FRANCIS PETERSON, JAY M. CRICKS, LANELL ERDRICH, DAVID ZUMWALT, and JOHN and JANE DOES 1-10, | |
| Defendants. | |

**MEMORANDUM DECISION ON
DEFENDANTS' MOTION TO REMAND**

This proceeding was removed from the Circuit Court for Oneida County, Wisconsin, by the Debtor, Paula Laddusire. It is now before the Court on the motion of the Defendants, Northstar Cleaning and Restoration, Inc., Cannon Peterson, and Jay M. Cricks (collectively, "Defendants"), for remand. The Defendants submitted a brief in support of the motion, the Debtor filed a response, and the Defendants replied.

For the reasons set forth below, the Court grants the motion and remands the proceeding to the Circuit Court for Oneida County, Wisconsin.

## BACKGROUND

The Debtor is the owner of a residence located in Rhinelander, Wisconsin. The residence was damaged in a storm. The complaint, originally filed in 2011 in Portage County, Wisconsin, was amended to add more defendants in January 2014. The Debtor then transferred the case to Oneida County, Wisconsin. The Debtor asserts the Defendants failed to remediate mold inside her home. The Debtor has made personal injury and property damage claims against the Defendants as a result of this alleged failure to remediate.

The Debtor filed a Chapter 13 bankruptcy petition on September 13, 2015.[1] The Debtor removed this case (the "State Court Action") from Oneida County on October 14, 2015, one day before the state court was to hear a motion to dismiss the case as a sanction for the Debtor's alleged discovery abuses. The Notice of Removal invokes 28 U.S.C. §§ 157, 1334(b), 1334(e)(1), and 1452, as well as 11 U.S.C. § 105 and Bankruptcy Rule 9027 ("Notice"). The Debtor asserts it is necessary to remove the State Court Action because it "involves property of the [Debtor's] bankruptcy estate" in the form of an insurance claim for losses to her homestead, personal property, medical expenses, personal injury, and other damages. She states that the matter is a

---

[1] The Debtor filed a prior Chapter 13 on December 7, 2012. On March 5, 2013, the Debtor removed the Portage County action against Auto-Owners to this Court. On June 6, 2013, that action was remanded to Portage County. On August 19, 2013, the Chapter 13 was dismissed.

core proceeding because it involves recovery of money for the bankruptcy estate. On October 23, 2015, the Defendants filed the motion seeking remand under 28 U.S.C. § 1452(b).

## ANALYSIS

Once a proceeding is removed pursuant to 28 U.S.C. § 1452(a), it may be remanded to the state court on any equitable ground. 28 U.S.C. § 1452(b); Fed. R. Bankr. P. 9027(d). To determine whether the Court should remand the case, the Court must first decide whether it has jurisdiction and, if it does, whether to exercise it.

Section 1452(a) of Title 28 permits a party to remove a "claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1452(b) provides that a court "may remand such claim or cause of action on any equitable ground." A district court has jurisdiction under section 1334(b) "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." It may, however, refer cases arising under title 11, arising in a case under title 11, or related to a case under title 11 to the bankruptcy judges for their district. 28 U.S.C. § 157(a). An order of reference exists in this District.

### **Abstention**

There are circumstances in which a federal court must abstain from hearing a case removed from state court. Section 1334(c)(2) of Title 28 contains the rule for mandatory abstention, which has been distilled by courts into five

elements: 1) the motion is timely; 2) the removed proceeding is based upon a state-law claim or state-law cause of action; 3) the proceeding is a non-core but "related to" proceeding; 4) the action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334; and 5) an action has been commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *See, e.g.*, *Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006); *Taub v. Taub (In re Taub)*, 413 B.R. 69, 75 (Bankr. E.D.N.Y. 2009).

If these requirements are not all met, the court is not required to abstain. It may nevertheless choose to do so. Section 1334(c)(1) provides that the court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Thus, the first question is whether this Court must abstain under 28 U.S.C. § 1334(c)(2). The Debtor does not challenge the timeliness of the motion for remand, but she does challenge every other element under 28 U.S.C. § 1334(c)(2). First, she asserts the removed action is not based solely on state law, but that federal law predominates. The Debtor argues that the removed case involves three aspects of federal law: 11 U.S.C. § 108(b), 42 U.S.C. § 12101, and 42 U.S.C. § 1983. These issues mostly have to do with the Debtor's claimed disability and her perceived lack of accommodations by the state court. However, as the Defendants point out, the Debtor did not plead any of these issues in the complaint, and the cause of action involves only state tort and insurance law. The subject matter of the action the Debtor has

4

removed is a tort claim. While the Debtor may believe that accommodations for some disability were not made by the state court in those proceedings, that is not the subject matter of the complaint the Debtor seeks to remove.

The Debtor suggests that bankruptcy issues predominate over the state issues because the property at issue, a claim against the Defendants, could become part of the estate. However, whether the claim will ever amount to anything is a matter of state law. It depends upon state tort law and state insurance law. Therefore, bankruptcy issues do not predominate over these state law issues simply because any recovery would become part of the bankruptcy estate.

The Debtor next argues that the removed action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) "because the removed action involves recovery of money for the bankruptcy estate." She asserts the action concerns the administration of the estate because, in essence, the recovery she seeks from the Defendants will be used to pay creditors.

Her arguments in this regard are unpersuasive. "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy

5

case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). A proceeding is non-core, by comparison, if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id.* Such a proceeding "may be related to the bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id.* Bankruptcy courts may determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3).

Clearly the proceeding can and did exist outside of the bankruptcy. The claims are not claims created by the Code. The State Court Action involves claims relating to alleged personal injury and property damage claims together with associated insurance coverage that were asserted before the bankruptcy was filed. As such, this Court concludes the State Court Action is decidedly non-core.

The Debtor claims the removed proceeding could have originally been brought in federal court under federal diversity jurisdiction and federal question jurisdiction. The district courts' subject-matter jurisdiction is generally limited to federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under section 1332. When a bankruptcy case is pending, Congress has widened the aperture to permit district courts and, by reference, bankruptcy courts to hear cases over which the federal courts would otherwise not have jurisdiction. 28 U.S.C. § 1452(a). It permits this expansion of jurisdiction in circumstances in which it would be fair and appropriate for the bankruptcy court to resolve a matter pending in another court that is of

particular consequence to the bankruptcy proceeding. *Compare* 28 U.S.C. § 1452(a) *with* § 1452(b); *cf. Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128-29, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (Ginsburg, J., concurring).

There are clear limits, however. Section 1334(c)(2) of Title 28 *requires* the court to abstain from hearing pending matters that are merely related to the bankruptcy case if they can be timely adjudicated in a state court with jurisdiction and there is no other basis for federal jurisdiction. Therefore, while it is generally true that the bankruptcy court can hear matters that are merely related to the bankruptcy case and submit proposed findings and conclusions to the district court for entry of a final order, the court may not do so if the conditions of 28 U.S.C. § 1334(c)(2) are met. There is no discretion or flexibility. This is tantamount to a statutory withdrawal of subject-matter jurisdiction.

Here, there is no other basis for federal jurisdiction. As discussed earlier, the Debtor now asserts federal claims, but none appear in the complaint of the removed action. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). While there may be an amount in controversy that would satisfy one of the elements for diversity jurisdiction, there is not the complete diversity of parties required under 28 U.S.C. § 1332. The complaint does not, on its face, contain allegations that establish federal jurisdiction. Therefore, the removed action could not have been originally brought in federal court.

Lastly, the Debtor argues the action cannot be timely adjudicated in the state forum. She claims that the state court has ignored her requests for disability accommodations, and this has prevented the case from moving beyond the initial pleading stage. The Defendants assert that any lack of accommodations stems from Debtor's inability and/or refusal to furnish appropriate medical proof of her disability. It was the Debtor who amended the complaint. It was the Debtor who requested hearing adjournments. It was also the Debtor who filed numerous motions for protective orders and then apparently refused to provide authorizations for information necessary to evaluate the motions for protective order. The Debtor does not state how the situation would be improved in federal court. Even if the case might proceed more quickly in federal court, that is irrelevant. *See Official Unsecured Creditors' Comm. of Hearthside Baking Co. v. Cohen (In re Hearthside Baking Co., Inc.)*, 391 B.R. 807, 816 (Bankr. N.D. Ill. 2008) (citing *Klohr v. Martin & Bayley, Inc.*, 2006 WL 1207141, at *3 (S.D. Ill. 2006)). The question is whether the case can be adjudicated timely in state court—not which court can do it faster. *Id.* There appears to be no reason why the state court could not dispose of this case in a timely manner. For these reasons, the Court concludes that the mandatory abstention provisions of 28 U.S.C. § 1332(c)(2) have been satisfied.

While this Court is not persuaded by the Debtor's arguments that the mandatory abstention provisions are not met, the Court also concludes the permissive abstention provisions of 28 U.S.C. § 1334(c)(1) are satisfied.

To determine whether permissive abstention is appropriate, courts have considered a range of factors, including:

1) the effect or lack thereof on the efficient administration of the estate;

2) the extent to which state law issues predominate over bankruptcy issues if the court recommends abstention;

3) the difficult or unsettled nature of applicable law;

4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings;

5) any jurisdictional bases, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the substance rather than the form of an asserted core proceeding;

8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) the burden of the bankruptcy court's docket;

10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) the existence of a right to a jury trial;

12) the presence in the proceeding of non-debtor parties;

13) comity; and

14) the possibility of prejudice to other parties in the action.

*See, e.g., Archer v. Nissan Motor Acceptance Corp.*, 324 F. Supp. 2d 805, 809 (S.D. Miss. 2004).

The list of factors noted above guide the Court's determination. These considerations should be applied flexibly to the particular facts of each case. *In*

*re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) (citing *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483, 60 S. Ct. 628, 630, 84 L. Ed. 876 (1940)). Moreover, when cases are removed from state court to federal court on the basis of being "related to" a bankruptcy proceeding, it is generally appropriate that "questions of [state] law . . . be decided by the state courts . . . rather than [a federal court]." *In re United States Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997). With these considerations in mind, the listed factors weigh in favor of permissive abstention and of remand.

  First, there will be little effect on the efficient administration of the estate if the State Court Action is remanded. In fact, the interests of the Debtor, creditors, and the estate will likely be advanced if the matter is remanded. The pleadings and litigation were well progressed in Oneida County Circuit Court. Discovery has been under way for some time. It makes little sense to interrupt proceedings that have already been under way since the initial complaint was filed over four years ago. There is no evidence that delays, if any, in the state court were the result of actions by the Defendants or an inability of the state court to timely adjudicate the matter.

  Next, there do not appear to be difficult or unsettled questions of state law that weigh in favor of abstention. Neither, however, are there any questions of bankruptcy law that suggest this Court should opt to exercise its jurisdiction. The State Court Action undoubtedly involves only state law issues. As such, this factor weighs in favor of abstention.

Moreover, the sole jurisdictional basis on the face of the pleadings is section 1334. The relationship of the proceeding to the main case is remote. It is a tort claim that, if the Debtor is successful, may entitle her to funds that could benefit the estate. There is no other conceivable basis for federal jurisdiction, nor any significant connection to the main case.

In response to the Defendants' argument that they are entitled to a jury trial, the Debtor correctly points out that bankruptcy courts are theoretically empowered to conduct jury trials under 28 U.S.C. § 157(e). That provision also requires a designation by the district court and the express consent of all the parties. 28 U.S.C. § 157(e); Fed. R. Bankr. P. 9015. There has been no designation in this case and no statement of consent appears on the docket. While this Court is sufficiently familiar with the conduct of jury trials, the state court regularly conducts such trials in matters involving insurance coverage, claims and procedures. Accordingly, the conduct of such a trial would be more efficient in that forum.

Finally, given the timing of the Debtor's bankruptcy petition, her Notice of Removal, the substantial time the matter was pending first in Portage County and later in Oneida County, and the extent of discovery already conducted, it appears that removal may be motivated at least in part by a desire to draw out the proceedings. Whether intentional or not, the resultant delays do carry a risk of prejudice to the other parties in the action. They also risk prejudice to the non-party creditors in the Debtor's bankruptcy. By further

forestalling a determination of the Debtor's claims in state court, the administration of the estate may be delayed.

## Remand

Having determined that abstention under 28 U.S.C. § 1334(c)(1) is appropriate, the next step is determining whether to remand. Once removed, a claim or cause of action can be remanded on "any equitable ground." 28 U.S.C. § 1452(b). "Equitable" in this context has been interpreted to mean "that which is reasonable, fair, or appropriate." *Things Remembered, Inc.*, 516 U.S. at 128-29.

When the basis for removal is, as here, simply based on a debtor's bankruptcy filing, there is a liberal approach to bankruptcy remands. *Cargill, Inc. v. Man Fin., Inc. (In re Refco, Inc.)*, 354 B.R. 515, 520 (B.A.P. 8th Cir. 2006). Abstention without remand would place the parties in an awkward limbo, with the state court prevented from proceeding in light of the Notice of Removal, and this Court choosing to abstain. Thus, while remand can occur without abstention, an abstention without a remand in this circumstance would leave the suit homeless.

Based on considerations of judicial economy, comity, respect for the decision-making capabilities of the state court, the predominance of state law issues, and the effect of remand on the administration of the bankruptcy case, this Court concludes that abstention is appropriate under 28 U.S.C. § 1334(c)(1), and remands the case to the Oneida County Circuit Court under 28 U.S.C. § 1452(b).

## CONCLUSION

Based on the foregoing findings of fact and conclusions of law, the Defendants' motion is granted.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: November 19, 2015.

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge